(78 Misc. Rep. 89.)

In re SHOOK.

(Supreme Court, Albany County, At Chambers.   October 25, 1912.)

ELECTIONS (§ 155*)—INDEPENDENT NOMINATIONS—VALIDITY OF CERTIFICATE —"FRAUDULENT AND FORGED CERTIFICATE."

Alteration of a certificate for an independent nomination for a public office without the signers' consent by pasting over the name of the proposed candidate a sticker containing the name of another person constituted a fraudulent and forged certificate within Election Law (Consol. Laws 1909, c. 17) § 123, rendering the certificate void, though the person first named in the certificate was discovered to be ineligible and the chairman of the county committee acted in good faith and under the advice of the law committee of his party in making the alteration, and though the certificate purported to authorize a certain committee to fill vacancies.

[Ed. Note.—For other cases, see Elections, Cent. Dig. § 128; Dec. Dig. § 155.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Application by W. Kelly Shook to review an attempted nomination of Luther Frost, as a candidate for the office of member of assembly. Certificate of nomination declared void.

Joseph H. Vanderlyn, of New Paltz (Arthur E. Rose, of Kingston, of counsel), for objector.

James Farrell, of Troy, for respondent Frost.

CHESTER, J. A certificate was filed with the board of elections of Ulster county on the 16th of October, 1912, for the independent nomination of the respondent, Frost, as a candidate of the national Progressive party for the office of member of assembly for the Second assembly district of that county. It contained 519 names. This proceeding has been instituted to test the validity of that certificate. Annexed to the petition are 25 affidavits of persons whose names appear upon the certificate, who swear that they never at any time signed or authorized to be signed any certificate for the nomination of Frost as a candidate for such office. On the hearing before me, it was shown by testimony offered on behalf of the respondent that a certificate was signed and verified by 519 electors upon which the name and address of Thomas Snyder appeared as candidate for member of assembly for that district, and that, after the certificate had been so signed, it was discovered that Snyder was ineligible for the office of member of assembly, and that thereupon the chairman of the Ulster county committee of the national Progressive party went to the headquarters of that party in the city of New York, and consulted with a member of its law committee, and was advised by him to have pasters printed with the name and address of Luther Frost on them, and affix them to the certificate over the name and address of Snyder before the same was filed with the board of elections. The chairman followed this advice, procured the pasters, and changed the petition over the signatures of the persons who had signed and verified the same by pasting the name and address of Frost over the name and address of Snyder. The certificate as thus changed, with no other signing of it by any of the persons who had originally signed it and with no further verification by any of them, was filed with the board of elections. It does not appear that any of the persons who signed the certificate ever authorized any change of any character over their signatures. In fact, it is conceded that the change was unauthorized and unwarranted. It is urged, however, on behalf of the respondent that because the certificate contained the names of three persons as a committee to fill vacancies, and that because Snyder the next day after the filing of the certificate with the board of elections offered to file with them his declination of the nomination, and also that there was offered at that time the designation by the committee of Frost as the nominee in place of Snyder, both of which the Board declined to receive, that I should upon this application hold and determine that Frost was duly nominated.

The only proceeding before me is one to inquire into the validity or invalidity of the certificate nominating or purporting to nominate Frost. The unauthorized and unlawful alteration of the certificate

over the names of the signers clearly rendered it a "fraudulent and forged" certificate as to every name appearing thereon within the meaning of that term as used in the Election Law. Section 123. That being so, the certificate was a nullity at the time it was filed, and was not effective for any purpose. No effect can be given to the designation expressed thereon of a committee to fill vacancies, for it was fraudulent and void as to such committee as well as to the candidate named thereon, and can be given no force or effect whatever. The fact that the person who made the change swears that he acted in good faith in so doing and under legal advice does not alter the legal effect of his act. The mere statement of the facts which are undisputed in this case is sufficient to support the conclusion which I have mentioned, and to my mind no further discussion is required.

It is urged that the unlawful act in changing this certificate by putting the paster thereon should not affect the legal rights of Snyder or the committee to fill vacancies named thereon, for Snyder's name, although concealed by the pasters, was on the certificate all the while. But no certificate was filed with the board of elections within the time required by law purporting to nominate Snyder for his name was entirely concealed by the pasters, and no one examining the certificate would have any notice that there was any attempt by its filing to nominate him. There would therefore have been afforded no opportunity for any one who desired to file objections to a certificate nominating Snyder, nor any opportunity for any one to institute a judicial inquiry as to the validity or invalidity of such a certificate.

The certificate purporting to nominate Frost must be declared to be void and of no effect.